Oscar WHITAKER, Jr., Appellant,

v.

PEABODY COAL COMPANY; Carol M. Palmore, Commissioner of Labor and Custodian of the Special Fund; and Workers' Compensation Board, Appellees.

No. 89–SC–92–DG.

Supreme Court of Kentucky.

April 26, 1990.

Dick Adams, Gerald M. Burns, Adams, Day, Whitfield, Ramey & Burns, Madisonville, for appellant.

John E. Stephenson, Attorney for Special Fund Labor Cabinet, William P. Swain, Peter J. Glauber, Louisville, for appellees.

VANCE, Justice.

The question is whether an admittedly inaccurate finding of a material fact by the Workers' Compensation Board requires a reversal of an award of the board and a remand for entry of a new award based upon consideration of a correct finding of facts. The answer is yes.

The appellant sustained a back injury working as an underground coal miner in 1982. He was awarded compensation based upon a determination of permanent, partial occupational disability of 80 percent. He returned to work as an underground miner and sustained another back injury in 1986. This injury caused a ruptured intervertebral disc which necessitated surgical excision.

At the hearing on his claim for compensation for the 1986 injury, his treating physician, a neurosurgeon, expressed the opinion that he could not return to work as a coal miner and placed limitations on his capacity to lift weight and his ability to stand or work for more than 10 minutes at a time. Dr. Pearson expressed the opinion that appellant could not be expected to complete an eight-hour work day engaging in sedentary work which would involve repetitious lifting of a weight of up to 10 pounds.

The board made a finding of fact that Dr. Pearson testified that appellant could not return to work in the coal industry and could not lift in excess of 60–75 pounds. Dr. Pearson did in fact testify that appellant could not return to work as a coal miner, but he did not testify that appellant's weight lifting capacity was limited to 60–75 pounds. His testimony was that he could not work where he would be required to lift repetitively a weight of 10 pounds.

Dr. Pearson had testified that appellant's weight lifting capacity, as a result of his first back injury in 1982, was limited to 60–70 pounds. The limitation as a result of the 1986 injury was much more severe. The finding of the board that Dr. Pearson had testified that appellant could not lift in excess of 60–75 pounds following his 1986 injury was incorrect. The inaccuracy of that finding is not contested.

The board made an award resulting from the 1986 injury of an additional 10 percent occupational disability, which when added to the disability resulting from the 1982 injury, resulted in a determination that appellant now has a permanent, partial occupational disability of 90 percent. The appellant claims his occupational disability is 100 percent.

The appellee, Special Fund, concedes that the evidence was such that the board could reasonably have found the appellant to be 100 percent disabled, but the board, in fact, determined that the disability to be only 90 percent. Both the Special Fund and the employer contend that the evidence was not such as to compel a finding of 100 percent disability. Both appellees contend that the evidence was sufficient to support the award of the board and cite cases which hold that the decision of the board cannot be reversed on appeal for lack of evidentiary support unless the evidence is such as to compel a different result.

The real question in this case, however, is not whether there was some evidence to support the award, but rather it is whether the board would have made that award if it had not made the erroneous finding that appellant's treating physician fixed his weight-lifting capacity at 60–75 pounds.

The limitations upon the ability to lift weight is a material fact to be considered in back injury cases. The erroneous finding that appellant's treating physician placed a limitation on appellant's weight lifting capacity at 60–75 pounds might tend to lead the board to believe that appellant's ability to lift weight following the 1986 injury was when, in fact, the appellant's treating physician had testified that his ability to lift weight had been severely impaired by the 1986 injury. The board's award may have been different if it had been based upon the full knowledge that appellant's treating physician had so limited appellant's ability to lift weight.

Our decision in *Cook v. Paducah Recapping Company,* Ky., 694 S.W.2d 684, 689 (1985) is controlling here. In that case we reversed a decision of the board based upon inaccurate findings of fact and stated:

"... In the event the decision of the Board was based upon an erroneous understanding of the testimony of Dr. Marrese, we cannot speculate as to what the result might have been had the Board correctly understood the import of his testimony.

"The appellant is entitled to have his claim decided upon the basis of correct findings of basic facts."

The decision of the Workers' Compensation Board is reversed, and the case is remanded to the board with directions that the finding of fact be amended to correctly state the testimony of Dr. Pearson with respect to the limitation he placed upon appellant's capacity to lift weight and for the entry of a new award based upon consideration of the amended findings of fact.

COMBS, GANT, LAMBERT, LEIBSON, VANCE, and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., concurs by separate opinion in which LAMBERT, J., also joins.

STEPHENS, Chief Justice, concurring.

I agree with the majority that the decision of the Workers' Compensation Board should be reversed. However, I believe the evidence in this case compels a finding that the appellant is 100% occupationally disabled. I would remand this case to the board with directions to make such a finding.

LAMBERT, J., joins this concurring opinion.